**Adam D. Ford** (NYB #4115531)
Ford & Huff LC
228 Park Avenue South
New York, NY 10003
Tel:  (212) 287-5913
Email: adam.ford@fordhufflaw.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN GANNON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>162 EAST BROADWAY LLC, RAISE HOSPITALITY, LLC, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown,<br><br>Defendants | **MOTION AND MEMORANDUM OF LAW I N SUPPORT OF DEFAULT JUDGMENT**<br><br>CASE NO.: 1:22-CV-699 (LGS) |

STEPHEN GANNON ("Plaintiff"), by and through his undersigned counsel, moves the Court for default judgment against 162 EAST BROADWAY LLC and RAISE HOSPITALITY, LLC ("Defendants"), pursuant to Rule 55 of the Federal Rules of Civil Procedure and Rule 55.2(b) of Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. A memorandum in support of the Motion is respectfully submitted below.

## FACTUAL BACKGROUND

1. On January 26, 2022, Plaintiff filed the original Complaint in this matter [Doc. No. 1], later resubmitted on January 27, 2022 with corrections pursuant to notice by the Clerk of this Court [Doc. No. 7, Exhibit 1].

2.  On February 8, 2022, Defendants 162 EAST BROADWAY LLC was properly served with the appropriate Summons [Doc. No. 5, Exhibit 2] and Complaint [Doc. No. 7, Exhibit 1] in this action, both in accordance with Rule 4(c) of the Federal Rules of Civil Procedure and pursuant to New York Limited Liability Company Law §303.

3.  Proof of service of the Summons and Complaint on Defendants 162 EAST BROADWAY LLC was filed with the Court on February 22, 2022 [Doc. No. 8, Exhibit 3].

4.  On February 8, 2022, Defendants RAISE HOSPITALITY, LLC was properly served with the appropriate Summons [Doc. No. 6, Exhibit 4] and Complaint [Doc. No. 7, Exhibit 1] in this action, both in accordance with Rule 4(c) of the Federal Rules of Civil Procedure and pursuant to New York Limited Liability Company Law §303.

5.  Proof of service of the Summons and Complaint on Defendants RAISE HOSPITALITY, LLC was filed with the Court on February 22, 2022 [Doc. No. 9, Exhibit 5].

6.  The Summons duly informed Defendants that failure to respond to the Complaint would result in default judgment against them for the relief demanded in the Complaint.

7.  On January 31, 2022, Plaintiff's counsel emailed correspondence to the Civil Rights Bureau, in which he notified it of this legal action pursuant to NYS Civil Rights Law §40-d and a attached a copy of the Complaint [Doc. No. 7, Exhibit 1]. Proof that the correspondence was emailed is attached to this motion [Exhibit 6].

8.  On January 31, 2022, Plaintiff's counsel also emailed correspondence to the New York City Commission on Human Rights, in which he notified it of this legal action pursuant to NYC Human Rights Law §8-502(c) and enclosed a copy of the Complaint [Doc. No. 7,

Exhibit 1]. Proof that the aforementioned correspondence was emailed is attached to this Motion [Exhibit 7].

9.  Under Rule 12(a) of the Federal Rules of Civil Procedure, Defendants were required to plead, or otherwise respond, to the Complaint, by March 1, 2022. With the three-day extension, under *Laina*[1], Defendants were required to plead, or otherwise respond, to the Complaint by March 4, 2022, but Defendants were failed to do so. The time for Defendants to plead, or respond, to the Complaint has not been extended by any stipulation of the parties, or any order of the Court.

10. On March 29, 2022, Plaintiff's counsel filed an Application to Clerk for Certificate of Default [Doc. No 11, Exhibit 8], together with the Declaration in Support of Application to Clerk for Certificate of Default [Doc. No. 12, Exhibit 9].

11. Default has been certified, by the Clerk of Court, against Defendants on March 30, 2021 [Doc. No. 13, Exhibit 10], pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to file an answer, or otherwise move, with respect to Plaintiff's Complaint.

12. Defendants are a legal entity, specifically a corporation, rather than a natural person, and is therefore not currently serving in the military, as evidenced by the attached Declaration Regarding Military Status.

13. Defendants are not a minor or an incompetent person.

14. To date, Defendants have failed to answer, move, or otherwise respond to the Complaint.

---

[1] Under *Laina v. United Cerebral Palsy of N.Y. City, Inc.*, 2012 U.S. Dist. LEXIS 1405, a Defendants is entitled to three extra days to plead, or otherwise respond, to the complaint.

## **ARGUMENT**

Rule 8(b)(6) of the Federal Rules of Civil Procedure states that allegations in a pleading, to which a responsive pleading is required, are deemed admitted, if not denied in a responsive pleading. Defendants have not filed a responsive pleading denying the allegations in the Complaint. Therefore, Plaintiff's allegations are deemed admitted.

The Complaint brings causes of action against Defendants to enjoin unlawful discrimination based on disability. Plaintiff was discriminated against on the basis of disability and denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation owned, leased, or operated by Defendants. This action was brought under the ADA, 42 U.S.C. §12182, §12183 and §12188(a) – incorporating by reference the remedies and procedures found in 42 U.S.C. 2000a-3, §204 of the Civil Rights Act of 1964 – the ADA's Accessibility Guidelines, 28 CFR Part 36, subpart D, the 2004 ADA Accessibility Guidelines ("ADAAG") at 36 CFR Part 1191, appendices B and D, the 2010 ADA Standards for Accessible Design ("2010 Standards"), the Building Code of the State of New York, as well as the New York State Civil Rights Law §40-c and §40-d, the New York State Human Rights Law §296 and the New York City Human Rights Laws [Administrative Code] §8-107, as well as all other laws and regulations enumerated in the Complaint. Plaintiff seeks compensatory, statutory and punitive damages, declaratory and injunctive reliefs and rectification of all violations enumerated in the Complaint, attorney's fees and costs against Defendants, as well as such other relief as the Court deems to be just and proper.

Plaintiff's causes of action are supported by the factual allegations contained in the Complaint. Defendants has been duly served with the Summons and Complaint, notified of Plaintiff's intention to move the Court for default judgment and has not filed a responsive

pleading denying any of the allegations in the Complaint within the applicable time period.

Pursuant to Rule 8(b)(6), the allegations in the Complaint are deemed admitted. This Court may

enter judgment by default against Defendants and issue a permanent injunction.

Plaintiff requests that the Court order injunctive relief similar to that ordered in *Shariff v.*

*Beach 90th Street Realty Corp.*, 2013 WL 6835157, (2nd Cir., EDNY), because of the substantial

similarity of circumstances. In the present matter, Plaintiff also alleges violations of the same

laws and violations are also similar. As in *Shariff*, Defendants failed to plead, or otherwise

defend the action, and the Clerk subsequently entered a certificate of default. *See* also *Shariff v.*

*Alsaydi*, 2013 WL 4432218, (2nd Cir., EDNY) and *Shalto v. Bay of Bengal Kabob Corp.*, 2013

WL 867429 (2nd Cir., EDNY) (The Court granted Plaintiff's motions for default judgment,

issued injunctive relief to remedy violations of the ADA and New York laws and awarded

statutory damages and costs in both cases.) For the above reasons, Plaintiff respectfully requests

the Court to order injunctive relief similar to that ordered in the aforementioned cases. Plaintiff

requests the Court to issue an injunction ordering Defendants to (1) submit to Plaintiff's counsel

an architectural plan that remedies the violations identified in the Complaint within 60 days of

the filing of the proof of service of the Court's Order; (2) within 30 days from receipt of

Defendants' plans, Plaintiff shall consent to such plans, or seek further relief from the Court; and

(3) Defendants will make any necessary alterations within 90 days of Plaintiff's consent, or

subsequent Order of this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff hereby respectfully requests judgment against Defendants and

that this Court grant the following relief:

A.    Grant a permanent injunction:

    i.)  Enjoining Defendants, their officers, management personnel, employees, agents, successors and assigns from engaging in discrimination based on disability;

    ii.) Requiring Defendants to alter its Subject Facility (as defined in the Complaint [Doc. No. 7]) to make it readily accessible to, and usable for, individuals with disabilities;

    iii.) Compelling Defendants to make all necessary modifications to its policies, practices and procedures, so that Plaintiff would not be subject to further discrimination;

    iv.) Ordering Defendants to provide auxiliary aids and services, as well as to modify its policies, or procedures, or provide an alternative method, so that Plaintiff would be able to obtain the full and equal enjoyment of the Subject Facility owned, operated, maintained, or leased, by Defendants, in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws; and

    v.)  Ordering Defendants to make the Subject Facility readily accessible to and usable by individuals with disabilities.

B.    Enter declaratory judgment specifying, as set forth in the Complaint, Defendants' violations of the ADA, the New York State Civil Laws, the New York State Human Rights Laws and the New York City Human Rights Laws and declare the rights of Plaintiff, and other persons similarly situated, as to Defendants' policies, procedures, facilities, goods and services offered to the public;

C.     Enter declaratory judgment specifying that the Subject Facility owned, operated, leased, controlled, maintained and/or administered by Defendants does in fact violate the ADA, the New York State Civil Rights Law, the New York State Human Rights Laws and the New York City Human Rights laws;

D.     Enter an order requiring Defendants to alter its facilities and amenities to make them accessible to, and usable by, individuals with disabilities to the full extent required by Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights laws;

E.     Hold Defendants liable for $500 in statutory monetary damages for each violation and award that sum to Plaintiff pursuant to the New York State Civil Rights Laws §40-c and §40-d;

F.     Hold Defendants liable for compensatory damages in the amount of $1,000 under the New York State Human Rights Law and the New York City Human Rights Law.

G.     Hold Defendants liable for punitive damages for its violation of the New York City Human Rights Law.

H.     Retain its jurisdiction over Defendants until its unlawful practices, acts and omissions no longer exist;

I.     Find that Plaintiff is a prevailing party in this litigation and award attorney's fees, expert fees, costs and expenses, together with such other and further relief at law, or in equity, to which Plaintiff, and other persons similarly situated, may be entitled, in an amount to be shown by Declaration of Attorney's Fees and Costs, including fees and costs incurred in the enforcement of any Judgment and Order entered in this case; and

J.      Award such other and further relief as it deems necessary, just and proper.

Respectfully submitted on this April 13, 2022

Adam D. Ford, Esq. (4115531)

*Attorney for Plaintiff*
Ford & Huff LC
228 Park Avenue South
New York, NY 10003
Tel:  (212) 287-5913
Email: adam.ford@fordhufflaw.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify that on the 13th day of April 2022, I caused a true and correct copy of the foregoing MOTION AND MEMORANDUM OF LAW IN SUPPOFRT OF DEFAULT JUDGMENT to be filed with the Court electronically via CM/ECF, which caused notice to be served upon all e-filing counsel of record via the Court's Notice of Electronic Filing [NEF].

/s/ Adam D. Ford

<span style="color:#8B0000">**EXHIBIT 1**</span>

Adam Ford (NYB #4115531)
Fᴏʀᴅ & Hᴜꜰꜰ LC
228 Park Avenue South
New York, NY 10036
Telephone: (212) 287-5913
Email: adam.ford@fordhufflaw.com
*Attorney for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN GANNON, individually and on behalf of all others similarly situated, | **COMPLAINT** |
| Plaintiff, | |
| -against- | Case No. |
| 162 EAST BROADWAY LLC, RAISE HOSPITALITY, LLC, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown, | **CLASS ACTION** |
| Defendants. | **JURY DEMANDED** |

### CIVIL COMPLAINT

Plaintiff, STEPHEN GANNON, by and through his attorney Adam Ford of Ford & Huff LC, hereby files complaint against 162 EAST BROADWAY LLC and RAISE HOSPITALITY, LLC and alleges as follows:

### INTRODUCTION

1.     This is an action under Title III of the Americans with Disabilities Act of 1990 (the "ADA") to enjoin unlawful discrimination based on disability. Plaintiff was discriminated against

on the basis of disability and denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the place of public accommodation owned, leased, controlled, managed, or operated, by the Defendants.

2.    The Plaintiff files this class action for himself, and those similarly situated, complaining of the violations of Title III of the ADA. This action is brought under the ADA, 42 U.S.C. §12182, §12183 and §12188(a) – incorporating by reference the remedies and procedures found in 42 U.S.C. 2000a-3, §204 of the Civil Rights Act of 1964 – the ADA's Accessibility Guidelines, 28 CFR Part 36, subpart D, the 2004 ADA Accessibility Guidelines ("ADAAG") at 36 CFR Part 1191, appendices B and D, 2010 ADA Standards for Accessible Design (hereinafter "2010 Standards"), the Building Code of the State of New York, as well as New York State Civil Rights Law §40-c and §40-d, New York State Human Rights Law §296 and New York City Human Rights Laws [Administrative Code] §8-107.

3.    The Plaintiff seeks compensatory, statutory and punitive damages, including, but not limited to, damages for personal injuries, pain of body and mind, declaratory and injunctive reliefs, attorney's fees, expert fees and costs against the Defendants, as well as such other relief as the Court deems to be just and proper.

## PARTIES

4.    Plaintiff is, and has been at all times material hereto, a resident of NEW YORK COUNTY, NEW YORK.

5.    Plaintiff is disabled and is authorized under §308 of the ADA, 42 U.S.C. §12188(a) – incorporating by reference the remedies and procedures found in 42 U.S.C. 2000a-3, §204 of the Civil Rights Act of 1964 – to bring this action.

2

6.      Plaintiff is representative of the class of individuals harmed by the violations of law bought in this Complaint and his experiences and injuries are common in law and fact to other class members and is prepared to work with counsel to pursue the interests of the larger class.

7.      The Defendants, own, and/or lease, and/or have control over, and/or manage, and/or maintain, and/or designed, and/or built, and/or constructed, and/or altered, and/or operate, and at all relevant times operated, JAJAJA PLANTAS MEXICANA, located at 162 E. Broadway, New York, NY 10002 (hereinafter referred to as "Subject Facility").

8.      Defendant 162 EAST BROADWAY LLC, "Property Owner", a limited liability company, organized under the laws of New York, owns, and/or leases, and/or manages, and/or has control over, and/or designed, and/or built, and/or constructed, and/or altered, and/or operates, and at all relevant times operated, the Subject Facility.

9.      Defendant RAISE HOSPITALITY, LLC, "Tenant", a limited liability company, organized under the laws of New York, and currently is, either an owner, landlord, lessor, lessee, and/or operator of the commercial space, on which the Subject Facility is located, and of the space in which it operates.

10.      Property Owner, leases or rents its space, building and/or land, on which the Subject Facility is located, to the Tenant.

11.      The Subject Facility is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7)(E) and 28 CFR §36.104 Place of public accommodation (5), New York State Human Rights Law §292(9) and New York City Human Rights Law, Admin. Code of the City of New York, §8-107(4).

3

12.     Defendants JOHN DOE 1-X and Limited Liability Companies, Partnerships and Corporations 1-X are persons or entities yet unknown, but who or which might share liability as owners or tenants of the Subject Facility. At all relevant times they might have been, and currently might be, either owners, lessors, or operators of the space on and/or in which the Subject Facility is located. Either one or several of them might be a landlord and lease the Subject Facility to the Defendants, or a tenant or subtenant of the Defendants.

13.     The Plaintiff reserves the right to amend this Complaint to add such persons or entities as Defendants when discovered during the course of this action.

14.     The Defendants are jointly and severally liable for the design, construction, maintenance, management, control, alteration and/or operation of the Subject Facility.

## JURISDICTION AND VENUE

15.     This Federal Court has jurisdiction over this action pursuant to 28 U.S.C. §451, §1331, §1337, §1343, §2201, §2202 and 42 U.S.C.A. §12181, *et seq.*, as it involves federal questions regarding the deprivation of the Plaintiff's rights under the ADA.

16.     This Court has supplemental jurisdiction over the Plaintiff's allegations arising from the Defendants' state law violations pursuant to 28 U.S.C. §1367(a).

17.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because all events, or omissions, giving rise to this action, and alleged herein, occurred in this district. Venue is also proper in this district, because the Defendants' property, a public accommodation, which is the subject of this action, is located in, and does business within, this judicial district.

## CLASS ACTION

18.     The Plaintiff brings this suit for declaratory and injunctive relief and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all those similarly situated who, as persons who must use wheelchairs or walkers or similar mobility aids due to various disabilities, and who use or desire to use the services and accommodations offered to the public by the Defendants. All members of the class are protected by, and are beneficiaries of, the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws.

19.     The Plaintiff, complaining for himself, and all other similarly situated disabled individuals hereby alleges the following:

    a.  The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b.  There are questions of law, or fact, common to the class, which predominate over any questions affecting only individual members;

    c.  The claims or defenses of the representative party are typical of the claims, or defenses, of the class;

    d.  The representative party will fairly and adequately protect the interests of the class; and

    e.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     The claims of the Plaintiff are typical of those of the class. The class, similarly to the Plaintiff, was also not able to have access to the Subject Facility because of the architectural barriers.

21.     The Plaintiff will fairly and adequately represent and protect the interests of the members of the class, because, in accordance with Rule 23(g) of the Federal Rules of Civil Procedure, they have retained, and are represented by experienced counsel, who has done the work in identifying and investigating potential claims in the action, who knows the applicable law, who may commit resources to representing the class, who is willing to represent the Plaintiff in complex class action litigation, and because the Plaintiff has no interests antagonistic to the members of the class.

22.     A class action may be maintained under Rule 23(a) of the Federal Rules of Civil Procedure prosecuting separate actions by, or against, individual class members would create a risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interests of the other members, not parties to the individual adjudications, or would substantially impair, or impede, their ability to protect their interests. That risk includes, but is not limited to, the Defendants removing the architectural barriers without either compensating members of the class, or paying them compensatory, and/or statutory, and/or punitive damages, for discrimination, discomfort, personal injuries, pain of body and mind, emotional distress, inconvenience and humiliation, which the class members have suffered as a result of the Defendants' actions, which violated the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws.

23. Class certification of the claims is appropriate pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because the Defendants had acted, or refused to act, on grounds that apply generally to the class, so that final injunctive relief, or corresponding declaratory relief, is appropriate respecting the class as a whole.

24. Alternatively, class certification is appropriate Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law, or fact, common to class members, clearly predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

25. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people who use wheelchairs this jurisdiction.

26. Clarity, consistency and uniformity in law will also be preserved, as maintenance of this lawsuit as a class action will likely eliminate the possibility of inconsistent verdicts, which may be issued, if plaintiffs were to initiate individual lawsuits against the Defendants.

27. References to the Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

## STATUTORY SCHEME

28. On July 26, 1990, Republican President George H. W. Bush, who would later end in using a wheelchair himself later in life, signed the ADA, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of goods, services, facilities, privileges and access to places of public accommodation. The bill had been championed

by Sen. Robert Dole, who had suffered significant disability related to injuries sustained in Italy fighting Nazis during World War II.

29. The ADA itself states the need for its passage, with Congress finding that:

(1) physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination;

(2) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(3) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(4) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

(5) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities;

(6) census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally;

(7) the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; and

(8) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete

on an equal basis and to pursue those opportunities for which our free
society is justifiably famous, and costs the United States billions of dollars
in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1)-(8)

30. Furthermore, Congress also explicitly stated that the purpose of the ADA was:

(1) to provide a clear and comprehensive national mandate for the
elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards
addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in
enforcing the standards established in this chapter on behalf of individuals
with disabilities; and

(4) to invoke the sweep of congressional authority, including the power
to enforce the fourteenth amendment and to regulate commerce, in order to
address the major areas of discrimination faced day-to-day by people with
disabilities.

U.S.C. §12101(b)(1)-(4)

31.     Furthermore, pursuant to 42 U.S.C. §12182 and 28 CFR §36.201(a), the intent of
the law was to ensure that no place of public accommodation would discriminate against an
individual on the basis of disability, so that all could have the full and equal enjoyment of goods,
services, facilities, privileges, advantages, or accommodations at that place of public
accommodation.

32.     The law provided commercial businesses at least 18 months from enactment to
make their facilities compliant with the regulations in the ADA. The effective date of Title III of
the ADA was January 26, 1992, or January 26, 1993, if defendant has ten (10), or fewer, employees
and gross receipts of $500,000, or less. 42 U.S.C. §12183; 28 CFR §36.508(a).

9

33. The 2000 United States census indicated that more than 49.7 million people in the United States had a disability. The 2000 United States census also indicated that more than 1.39 million New Yorkers live with a mobility disability.

34. The ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws recognize individuals with disabilities as a protected class. 42 U.S.C. §12182(a)

35. It is unlawful for a private entity, which owns, leases, leases to, or operates a place of public accommodation, to discriminate against an individual with a disability. 42 U.S.C. §12182(b)(1)(A), 28 CFR §36.201(a) and (b)

36. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (ADAAG), 28 CFR §36.504(a)(3)(ii), under which it may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

37. The Department of Justice ("DOJ") published revised regulations for Title III of the ADA in the Federal Register on September 15, 2010. "These regulations adopted revised, enforceable accessibility standards called the 2010 ADA Standards for Accessible Design, '2010 Standards'". (See, 2010 Standards, Overview) These standards "set minimum requirements – both scoping and technical – for newly designed and constructed, or altered … public accommodation, and commercial facilities to be readily accessible to and usable by individuals with disabilities." Id. The DOJ provided that document in one publication and it includes the 2010 Standards for

public accommodation and commercial facilities, which consist of the Title III regulations at 28 CFR Part 36, subpart D, and the 2004 ADAAG at 36 CFR Part 1191, appendices B and D.

38.     The landlord, who owns the building that houses a place of public accommodation and the tenant, who owns, or operates the place of public accommodation, each have an individual and non-delegable duty to comply with the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws. 28 CFR §36.201(a) and (b)

39.     The Subject Facility affects interstate commerce within the meaning of the ADA. 42 U.S.C. §12181(7)( E) and 28 CFR §36.104 Place of public accommodation (5).

40.     Regardless of any contractual provisions stating otherwise, the landlord and owner of the Subject Facility cannot escape liability for the tenant's failure to comply with the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws. 28 CFR §36.201.

41.     One type of disability discrimination is the failure of an owner, or an operator, of a public accommodation to remove those architectural barriers, removal of which is readily achievable.

> A public accommodation shall remove architectural barriers in existing facilities, including communication barriers that are structural in nature, where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense.

28  FR §36.304

42.     If an individual with a disability is dissuaded from entering, or receiving services of a place of public accommodation, because of the existence of an architectural barrier, the

landlord and tenant will be guilty of discrimination on the basis of disability regardless of intent. Discriminatory intent is not required to establish liability under the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws.

43.     The Defendants must remove all barriers, removal of which is readily achievable, that deny an individual with a disability the opportunity to participate in, or benefit from, services, or accommodations, on the basis of their disability. 28 CFR §36.304

44.     Removal of the architectural barriers, violations of the ADA and ADAAG at the Subject facility set forth herein, are readily achievable by the Defendants.

45.     The Subject Facility has begun operations, and/or undergone substantial remodeling, repairs and/or alterations in the 32 years since January 26, 1990, and/or has sufficient income and/or assets to make accessibility modifications readily achievable.

## FACTUAL ALLEGATIONS AND FIRST CAUSE OF ACTION

### Violations of the ADA

46.     The Plaintiff, Stephen Gannon, was diagnosed with Metatarsal Osteomyelitis of the right foot in 2017. To stop the infection and preserve his life, Stephen's right leg was amputated just below the knee on June 2, 2019. Since the amputation, Stephen has used a manually powered wheelchair for mobility. In addition to the challenges associated with being a wheelchair user, Stephen suffers phantom limb pain.

47.     The Plaintiff is disabled under the law, which in pertinent part states that

> *Disability* means, with respect to an individual, a physical or
> mental impairment that substantially limits one or more of
> the major life activities of such individual… . The phrase
> *major life activities* means functions such as caring for one's

12

self, performing manual tasks, walking, seeing, hearing,
speaking, breathing, learning and working.

CFR §36.104

48.      There are two entrances to the Subject Location, and both have step-ups, one of the

door steps is approximately 8 inches and one is approximately 9 inches.

49.      There is no ramp access at the Subject Location.

50.      The doors at the Subject Location with the step-up are not accessible under

ADAAG because they both violate Section 303.2 which requires any vertical changes in level to

be less than 1/4 inch high along the accessible route.

51.      Pursuant to Section 303.4 of ADAAG any change in level great than 1/2 inch must

be ramped and the ramp must comply with Section 405, including having fixed handrails as the

rise is greater than 6 inches.

52.      The Plaintiff has encountered the violations of the ADA and ADAAG at the Subject

Facility and has experienced difficulty gaining access to the Subject Facility, because of the

unlawful architectural barriers, and therefore suffered an injury in fact.

53.      The Defendants are engaging in unlawful practices in violation of the ADA, the

New York State Civil Laws, the New York State Human Rights Laws and the New York City

Human Rights Laws.

54.      The Plaintiff has difficulties visiting the Defendants' Subject Facility, continues to

be discriminated against due to the architectural barriers, which remain at the Subject Facility, all

in violation of the ADA, the New York State Civil Rights Laws, and the New York State and the

New York City Human Rights Laws.

13

55.     The barriers to access the Subject Facility have effectively denied the Plaintiff ability to visit the property and have caused him personal injuries, including, but not limited to, pain of body and mind, emotional distress, embarrassment, humiliation and frustration.

56.     Because the Subject Facility is a public accommodation, the Defendants are responsible for complying with the ADA. 28 CFR §36.304

57.     The architectural barriers to access the Subject Facility have endangered the Plaintiff's safety.

58.     The Defendants are discriminating against the Plaintiff, and others similarly situated, because at their Subject Facility they are denying him access to, as well as full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, and its parking lot, by means of the architectural barriers, the existence of which is in violation of the ADA, including, but not limited to, those listed above.

59.     The individual Plaintiff, and all others similarly situated, will continue to suffer discrimination and injury without the immediate relief provided by the ADA, as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' Subject Facility in order to measure and photograph architectural barriers that are in violation of the ADA to determine all of the areas of non-compliance with the law.

60.     The Defendants have failed to remove architectural barriers to accessibility to the Subject Facility in violation of 42 U.S.C. §12182(b)(2)(A)(iv). The Subject Facility has not been designed, constructed, altered, or maintained in compliance with the accessibility standards of Title III of the ADA.

14

61.     The Defendants have violated their statutory obligation to ensure that their policies, practices and procedures address compliance with the 2010 Standards in that they did not make reasonable accommodations for the individual Plaintiff, and all others similarly situated, and also violated their obligation to remove architectural barriers in order to let disabled individuals enjoy goods and services provided by the public accommodation under their control, thus discriminating against them.

62.     Pursuant to the ADA, 42 U.S.C. §12101, §12182 and 28 CFR §36.304, the Defendants were required to make their Subject Facility accessible to persons with disabilities, and should have removed architectural barriers by January 26, 1992. To date, the Defendants have failed to comply with that mandate.

63.     The Defendants' failure to remove the barriers to access constitutes a pattern and practice of intentional disability discrimination and is subject to enforcement under 42 U.S.C. §12188 and 28 CFR §503.

64.     It was not structurally impracticable for the Defendants to make the Subject Facility accessible.

65.     Removal of all architectural barriers existing at the Subject Facility was, and is, readily achievable by the Defendants.

66.     The Defendants may, should and are required to make reasonable accommodations at the Subject Facility and their making them would be readily achievable.

67.     Accommodations to the Plaintiff, and other persons similarly situated, and removal of architectural barriers at the Subject Facility by the Defendants, are readily achievable, would

not impose an undue hardship on them and would not fundamentally alter the nature of their program, activity, or nature of the business.

68.     The Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA in connection with the Subject Facility.

69.     The Defendants' failure to make their Subject Facility accessible denied the Plaintiff and others, similarly situated, an equal opportunity to participate in, or to benefit from, services, or accommodations, on the basis of their disability.

70.     The effect of the practices complained of has been to deprive the Plaintiff, and all other similarly situated individuals, of the full and equal enjoyment of the Subject Facility and to otherwise adversely affect his status as a member of the public interested in accessing the place of public accommodation owned, leased, leased to, constructed, maintained, managed and/or operated by the Defendants.

71.     The Defendants' Subject Facility is not accessible to, or readily usable by, individuals with disabilities.

72.     Pursuant to 42 U.S.C. §12188, this Court was vested with the authority to grant the Plaintiff injunctive relief, including an order to alter the Subject Facility, to make it accessible to, and useable by, the Plaintiff, and other similarly situated individuals with disabilities, to the extent required by the ADA, as well as close the Subject Facility until the required modifications are completed.

73.     The Defendants' flagrant disregard for the law, which obligate them to make all readily achievable accommodations and modifications to remove architectural barriers to access

and use of their Subject Facility is legally inexcusable. Allowing the Defendants to deleteriously detrimentally prolong their practices would encourage them to continue to blatantly disregard the ADA, the New York State Civil Laws, the New York State Human Rights Laws and the New York City Human Rights Laws, and discriminate against the Plaintiff, and other similarly situated individuals.

74.     The inexcusability of the Defendants' actions is exacerbated by the fact that 26 years have passed since the effective date of Title III of the ADA. During that time period they operated at a profit, should have accumulated sufficient funds to make alterations and had numerous opportunities to remove the architectural barriers and end discrimination, but intentionally chose not to do so. By intentionally not removing the architectural barriers, which barred the Plaintiff's access, inconvenienced and embarrassed him, humiliated him and caused him personal injuries, including emotional distress to him, and others similarly situated, the Defendants gave a crystal-clear message to disabled customers that their patronage is neither needed, desired, welcomed, or wanted.

## SECOND CAUSE OF ACTION

### Violations of the New York State Human Rights Laws

75.     The Plaintiff re-alleges, and incorporates, by this reference, all the allegations set forth in this complaint, as if fully set forth herein.

76.     The New York State Human Rights Law, in relevant part, provides the following:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability … of any person, directly or indirectly, to refuse, withhold from or

17

> deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … .

NYS Executive Law §296(2)(a)

77.     The Defendants' Subject Facility is a place of public accommodation, as defined in New York State Human Rights Law §292(9).

78.     The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

79.     The Defendants are in violation of the New York State Human Rights Law by denying the Plaintiff, and others similarly situated, full and safe access to all of the benefits, accommodations and services of the Subject Facility.

80.     The Defendants do not provide the Plaintiff, and others similarly situated, with equal opportunity to use their public accommodation.

81.     The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law §296(2)(c)(iii).

82.     As a direct and proximate result of the Defendants' unlawful discrimination, which is in violation of the Executive Law, the Plaintiff has suffered, and continues to suffer, personal injuries, which include emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety.

83.     The Defendants have not provided the Plaintiff, and others similarly situated, with evenhanded treatment in violation of New York State Human Rights Law §296.

84.     The Defendants' direct, or indirect, unequal treatment of the Plaintiff, and others similarly situated, was demonstrated when he was discriminated against.

85.     The Defendants have, because of the Plaintiff's disability, directly, or indirectly, refused, withheld from, or denied him the accommodations, advantages, facilities, or privileges of their public accommodation.

86.     The Defendants have demonstrated that the patronage, or custom, of the Plaintiff, and other similarly situated individuals, is unwelcome, unwanted, undesirable, unacceptable and objectionable.

87.     In violation of the New York State Human Rights Laws the Defendants and their agents discriminated against the Plaintiff.

88.     As a direct and proximate result of the Defendants' unlawful discrimination, which was, and is, in violation of the New York State Human Rights laws, the Plaintiff has suffered, and continues to suffer, personal injuries, such as mental anguish and emotional distress, including, but not limited to, depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, together with emotional pain and suffering.

89.     The Plaintiff requests compensatory damages from each Defendant in the amount of $1,000 under the New York State Human Rights Law, NY CLS Exec §297(9).

## THIRD CAUSE OF ACTION

### Violations of the New York State Civil Rights Laws

90.     The Plaintiff re-alleges, and incorporates by this reference, all the allegations set forth in this complaint, as if fully set forth herein.

19

91.    The Defendants have violated the Plaintiff's civil rights on the basis of his disability.

92.    Consequently, the Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §40-c and §40-d, in the amount of $500 for each violation from each Defendant.

93.    Pursuant to the New York Civil Rights law, §40-d, the Defendants are guilty of a class A misdemeanor.

94.    Notice of this action is being served upon the attorney general, as required by New York Civil Rights Law, §40-d, in accordance with the statute.

## FOURTH CAUSE OF ACTION

### Violations of the New York City Human Rights Laws

95.    The Plaintiff re-alleges, and incorporates by this reference, all the allegations set forth in this complaint, as if fully set forth herein.

96.    The New York City Human Rights Law, in relevant part, provides the below.

> It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation:
>
> 1. Because of any person's actual or perceived … disability …, directly or indirectly:
>
> (a) to refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation;

NYC Admin. Code §8-107(4)

97.     The Defendants have not reasonably accommodated the Plaintiff, and other disabled individuals, in violation of New York City's Administrative Code §8-102(4), (16), (17), (18), §8-107(4) and §8-107(15).

98.     In violation of the New York City Administrative Code, the Defendants have unlawfully discriminated against the Plaintiff and all others similarly situated.

99.     Reasonable accommodations and modifications are necessary to enable the Plaintiff, and all others similarly situated, the ability to enjoy non-restricted access and use of the Defendants' Subject Facility.

100.    In violation of the New York City Administrative Code the owners, operators, lessees, proprietors, managers, agents and/or employees of the Defendants' Subject Facility have, because of the actual, or perceived, disability of the Plaintiff directly, or indirectly, refused, withheld from, and denied him the accommodations, advantages, facilities, or privileges thereof.

101.    In violation of the New York City Administrative Code, on the basis of the Plaintiff's disability, the Defendants have demonstrated that the patronage, or custom, of the Plaintiff, and all others similarly situated, is unwelcome, objectionable and not acceptable.

102.    The Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

103.    Pursuant to New York City Human Rights Law §8-502(c), notice of this action is being served upon the New York City Commission on Human Rights in accordance with the statute.

104.    As a direct and proximate result of the Defendants' disability discrimination, in violation of the New York City Human Rights Laws, the Plaintiff has suffered, and continues to suffer, personal injuries, including mental anguish and emotional distress, including, but not limited to, depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain and suffering.

105.    The Plaintiff requests compensatory damages in the amount of $1,000 from each Defendant under the New York City Human Rights Law, NYC Admin. Code §8-125.

## ATTORNEY'S FEES AND COSTS

106.    The Plaintiff had to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, including litigation expenses, and costs, including expert fees, paid by the Defendants, pursuant to the ADA, 28 CFR §36.505 and New York Executive Law §297(10). Furthermore, pursuant to the New York City Human Rights Law, the Court may award the prevailing party reasonable attorney's fees. Under that law's definition "prevailing" includes a Plaintiff, whose commencement of litigation has acted as a catalyst to effect policy change on the part of the defendant. NYCHRL, in pertinent part, states the below.

> In any civil action commenced pursuant to this section, the Court, in its discretion, may award the prevailing party reasonable attorney's fees, expert fees and other costs. For the purposes of this subdivision, the term "prevailing" includes a Plaintiff whose commencement of litigation has acted as a catalyst to effect policy change on the part of the defendant, regardless of whether that change has been implemented voluntarily, as a result of a settlement or as a result of a judgment in such Plaintiff's favor. The Court shall apply the hourly rate charged by attorneys of similar skill

and experience litigating similar cases in New York County when it chooses to factor the hourly rate into the attorney's fee award.

NYC Admin. Code §8-502(g)

## **PUNITIVE DAMAGES**

107.    The Plaintiff requests punitive damages in an amount determined by the jury from each Defendant to compensate him for their violation of the New York City Human Rights Law.

> With respect to punitive damages, "the standard for determining damages under the NYCHRL is whether the wrongdoer has engaged in discrimination with willful or wanton negligence, or recklessness, or a 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.'" Chauca v. Abraham, 885 F.3d 122, 124 (2d Cir. 2018) (quoting Chauca v. Abraham, 30 N.Y.3d 325, 67 N.Y.S.3d 85, 89 N.E.3d 475, 481 (N.Y. 2017)). This standard requires "a lower degree of culpability" than is required for punitive damages under other statutes, as it "requires neither a showing of malice nor awareness of the violation of a protected right." Id. (quoting Chauca, 89 N.E.3d at 481).

Kreisler v. Humane Soc'y of N.Y., 2018 U.S. Dist. LEXIS 171147

## **INJUNCTIVE RELIEF**

108.    Pursuant to 42 U.S.C. §12188 this Court is vested with the authority to grant the Plaintiff injunctive relief, including an order to alter the Subject Facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York State Civil Rights Law, the New York State Human Rights Law, the New York City Human Rights Law and close the Subject Facility until the requisite modifications are completed.

109.    The Plaintiff requests the Court to issue a permanent injunction enjoining the Defendants from disability discrimination.

110.    The Plaintiff requests the Court to issue a permanent injunction and order the Defendants to alter their Subject Facility to make it readily accessible to and usable by individuals with disabilities.

111.    The Plaintiff requests the Court to issue a permanent injunction requiring the Defendants to make all necessary modifications to the Defendants' policies, practices and procedures, so that the Plaintiff, and other persons similarly situated, would not be subject to further unlawful discrimination.

112.    Injunctive relief is also necessary to order the Defendants to provide auxiliary aid, or service, and/or alternative methods, to allow the Plaintiff, and others similarly situated, to use the place of public accommodation in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws.

## DECLARATORY RELIEF

113.    The Plaintiff is entitled to a declaratory judgment affirming that the violations of the ADA, the New York State and the New York City laws committed by the Defendants exist and specifying the rights of the Plaintiff, and other persons similarly situated, as to the removal of the architectural barriers from the Defendants' Subject Facility by the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff hereby respectfully requests judgment against the Defendants and that this Court grants the following relief:

A.     Certifies this case as a class action;

B.     Grants a permanent injunction

     i.) Enjoining the Defendants, their officers, management personnel, employees, agents, successors and assigns from engaging in discrimination based on disability;

     ii.) Requiring the Defendants to alter their Subject Facility to make it readily accessible to, and usable for, individuals with disabilities;

     iii.) Compelling the Defendants to make all necessary modifications to their policies, practices and procedures, so that the Plaintiff would not be subject to further discrimination;

     iv.) Ordering the Defendants to provide auxiliary aids and services, as well as to modify their policies, or procedures, or provide an alternative method, so that the Plaintiff would be able to obtain the full and equal enjoyment of the Subject Facility owned, operated, maintained, or leased, by the Defendants, in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws; and

     v.) Ordering the Defendants to make the Subject Facility readily accessible to and usable by individuals with disabilities.

C.     Enters declaratory judgment specifying that the Subject Facility owned, operated, leased, controlled, maintained and/or administered by the Defendants violates the ADA, the New York State Civil Rights Law, the New York State Human Rights Law and the New York City Human Rights Law;

D.  Enters an order requiring the Defendants to alter their Subject Facility and amenities to make it accessible to, and usable by, individuals with disabilities to the full extent required by Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

E.  Holds each of the Defendants liable for $500 in statutory monetary damages for each violation of the ADA and ADAAG and awards that sum to the Plaintiff pursuant to New York State Civil Rights Laws §40-c and §40-d;

F.  Holds each of the Defendants liable for compensatory damages in the amount of $1,000 under the New York State Human Rights Law and the New York City Human Rights Law.

G.  Holds each of the Defendants liable for punitive damages in an amount determined by the jury for their violation of the New York City Human Rights Law.

H.  Finds the Defendants guilty of class A misdemeanor pursuant to New York State Civil Rights Law §40-d;

I.  Retains its jurisdiction over the Defendants until their unlawful practices, acts and omissions no longer exist;

J.  Finds that the Plaintiff is a prevailing party in this litigation and awards attorney's fees, expert fees, costs and expenses, together with such other and further relief at law, or in equity, to which the Plaintiff, and other persons similarly situated, may be entitled; and

K.  Awards such other and further relief as it deems necessary, just and proper.

### **JURY DEMANDED**

The Plaintiff demands a trial by jury of all the issues of fact and damages.

DATED: The 25th day of January 2022.

FORD & HUFF LC

/s/ Adam Ford
Adam Ford (NYB #4115531)
*Attorney for Plaintiff*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

**EXHIBIT 2**

| | |
|---|---|
| STEPHEN GANNON, individually and on behalf of others similarly situated | ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| 162 EAST BROADWAY LLC, RAISE HOSPITALITY, LLC, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown | ) ) ) ) ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* 162 EAST BROADWAY LLC
160 Sandy Plains Rd
Leeds, NY 12451

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Adam Ford
Ford & Huff LC
228 Park Ave. South
New York, NY 10003
(212) 287-5913
adam.ford@fordhufflaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  01/27/2022  /S/ V. BRAHIMI
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*


                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

ATTORNEY(s) : Ford & Huff LC
INDEX # : 1:22-cv-00699-LGS
PURCHASED/FILED : January 27, 2022
STATE OF : NEW YORK
COURT : U. S. District
COUNTY/DISTRICT : Southern Dist.

# EXHIBIT 3

## AFFIDAVIT OF SERVICE -  SECRETARY OF STATE

Stephen Gannon Individually and on behalf of other similary situated

Plaintiff(s)

against

162 East Broadway LLC et al

Defendant(s)

| STATE OF NEW YORK ) | **DESCRIPTION OF PERSON SERVED:** | Approx. Age: 65 Yrs. |
|---|---|---|
| COUNTY OF ALBANY   )SS | | |
| CITY OF ALBANY        ) | Weight: 120 Lbs.  Height: 5' 0"  Sex: Female  Color of skin: White | |

Hair color: Blonde  Other: _____

**Robert Guyette**_____ , being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on **February 8, 2022**___ , at  **12:47 PM** , at the office of the  Secretary of State of the State of NY, located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:
**Summons in A Civil Action & Complaint**

on

**162 East Broadway LLC**

,

the Defendant in this action, by delivering to and leaving with                **Sue Zouky**_____
AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies   thereof and that at the time of making such service, deponent paid said Secretary of State a fee of           $40      dollars; That said service was made pursuant to Section  **LIMITED LIABILITY COMPANY LAW §303**.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Sworn to before me on this

8th    day of          February, 2022

YVONNE STRAIN
NOTARY PUBLIC, State of New York
01ST6314054, Schenectady
Commission Expires  November 3, 2022

Robert Guyette

**Invoice·Work Order #** 2203705
Attorney File #  **Gannon**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York



# EXHIBIT 4

STEPHEN GANNON, individually and on behalf of others similarly situated

_____
*Plaintiff(s)*

v.

162 EAST BROADWAY LLC, RAISE HOSPITALITY, LLC, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown

_____
*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  RAISE HOSPITALITY, LLC
162 E. Broadway
New York, NY 10002

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Adam Ford
Ford & Huff LC
228 Park Ave. South
New York, NY 10003
(212) 287-5913
adam.ford@fordhufflaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____01/27/2022_____



_____/S/ V. BRAHIMI_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

ATTORNEY(S) : Ford & Huff LC
INDEX # : 1:22-cv-00699-LGS
PURCHASED/FILED : January 27, 2022
STATE OF : NEW YORK
COURT : U. S. District
COUNTY/DISTRICT : Southern Dist.

# EXHIBIT 5

## AFFIDAVIT OF SERVICE -  SECRETARY OF STATE

Stephen Gannon Individually and on behalf of other similary situated

Plaintiff(s)

against

162 East Broadway LLC et al

Defendant(s)

| STATE OF NEW YORK )<br>COUNTY OF ALBANY  )SS<br>CITY OF ALBANY       ) | **DESCRIPTION OF PERSON SERVED:** | Approx. Age: | 65 Yrs. |

Weight: 120 Lbs.  Height:  5' 0"  Sex: Female  Color of skin: White

Hair color: Blonde  Other: _____

**Robert Guyette** _____ , being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on **February 8, 2022** , at **12:47 PM** , at the office of the  Secretary of State of the State of NY, located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:
**Summons in A Civil Action & Complaint**

on

**Raise Hospitality LLC**

,

the Defendant in this action, by delivering to and leaving with _____ **Sue Zouky** _____
AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies  thereof and that at the time of making such service, deponent paid said Secretary of State a fee of _____ $40 _____ dollars; That said service was made pursuant to Section  **LIMITED LIABILITY COMPANY LAW §303**.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Sworn to before me on this

8th   day of    February, 2022

_____
YVONNE STRAIN
NOTARY PUBLIC, State of New York
01ST6314054, Schenectady
Commission Expires  November 3, 2022

_____
Robert Guyette

**Invoice·Work Order #** 2203704
Attorney File #  **Gannon**



**John McLay <john.mclay@fordhufflaw.com>**

---

## Gannon v. 162 East Broadway LLC et al | §8-502(c)
1 message

# EXHIBIT 6

**John McLay** <john.mclay@fordhufflaw.com>                    Mon, Jan 31, 2022 at 5:22 PM
To: Civil Rights <civil.rights@ag.ny.gov>

**RE:** 162 EAST BROADWAY LLC, RAISE HOSPITALITY, LLC, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown

**Case No.** 1:22-CV-699

Dear Sir or Madam:

The purpose of this correspondence is to notify your office, pursuant to NYC Human Rights Law §8-502(c), that attorney Adam Ford filed the above-captioned legal action on behalf of his client, Stephen Gannon, in the federal court for the Southern District of New York on January 26, 2022. The lawsuit stems from discrimination of my client by the defendants, on the basis of disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §12182, §12183 and §12188(a), NYS Civil Rights Law §40-c and §40-d, NYS Human Rights Law §296 and New York City Human Rights Laws [Administrative Code] §8-107. Please find a copy of the complaint attached.

Respectfully,
John

## John P. McLay

Litigation Paralegal, Ford & Huff LC
john.mclay@fordhufflaw.com | 385.233.8311
www.fordhufflaw.com

---

📄 **1 - 2022.1.26_22CV699_Jajaja Plantas_Complaint.pdf**
224K



John McLay <john.mclay@fordhufflaw.com>

## Gannon v. 162 East Broadway LLC et al | §8-502(c)
1 message

### EXHIBIT 7

**John McLay** <john.mclay@fordhufflaw.com>                    Mon, Jan 31, 2022 at 5:22 PM
To: LEB@cchr.nyc.gov

**RE:** 162 EAST BROADWAY LLC, RAISE HOSPITALITY, LLC, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown

**Case No.** 1:22-CV-699

Dear Mr. Stodola,

The purpose of this correspondence is to notify your office, pursuant to NYC Human Rights Law §8-502(c), that attorney Adam Ford filed the above-captioned legal action on behalf of his client, Stephen Gannon, in the federal court for the Southern District of New York on January 26, 2022. The lawsuit stems from discrimination of my client by the defendants, on the basis of disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §12182, §12183 and §12188(a), NYS Civil Rights Law §40-c and §40-d, NYS Human Rights Law §296 and New York City Human Rights Laws [Administrative Code] §8-107. Please find a copy of the complaint attached.

Respectfully,
John

### John P. McLay
LITIGATION PARALEGAL, Ford & Huff LC
john.mclay@fordhufflaw.com | 385.233.8311
www.fordhufflaw.com



📄 **1 - 2022.1.26_22CV699_Jajaja Plantas_Complaint.pdf**
   224K

# EXHIBIT 8

**UNITED STATS DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------

**STEPHEN GANNON**, individually and on behalf of
all others similarly situated,

Plaintiff(s),

-against-

**162 EAST BROADWAY LLC**, **RAISE**
**HOSPITALITY, LLC**, JOHN DOE 1-X, persons yet
unknown, Limited Liability Companies, Partnerships,
Corporations 1-X, entities yet unknown,

Defendant(s),

-------------------------------------------------------------------------

**1:22-cv-699-LGS**

**CLERK'S CERTIFICATE**
**OF DEFAULT**

I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern

District of New York, do hereby certify that this action was commenced on **January 26, 2022**

with the filing of a summons and complaint, a copy of the summons and complaint was served

on defendant(s) **162 East Broadway LLC** and **Raise Hospitality, LLC** by personally serving

**Sue Zouky, an authorized agent in the Office of the Secretary of State, of the State of New**

**York**, *and proof of service was therefore filed on* **February 22, 2022**, *Doc. #(s)* **8 and 9**. I

further certify that the docket entries indicate that the defendant(s) has not filed an answer or

otherwise moved with respect to the complaint herein. The default of the defendant(s) is/are

hereby noted.

Dated: New York, New York

_____, 20___

**RUBY J. KRAJICK**
Clerk of Court

By:_____ __
Deputy Clerk

EXHIBIT 9

Adam Ford (NYB #4115531)
FORD & HUFF LC
228 Park Avenue South
New York, NY 10036
Telephone: (212) 287-5913
Email: adam.ford@fordhufflaw.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **STEPHEN GANNON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>**162 EAST BROADWAY LLC, RAISE HOSPITALITY, LLC**, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown,<br><br>Defendants. | **Civil Action No.** 1:22-cv-699-LGS<br><br>**DECLARATION IN SUPPORT OF REQUEST FOR CERTIFICATES OF DEFAULT** |

I, Adam Ford, declare as follows:

1.  I am the attorney for STEPHEN GANNON ("Plaintiff") in the above-captioned action.

2.  On February 8, 2022, Defendants, 162 EAST BROADWAY LLC and RAISE
    HOSPITALITY, LLC, were served with the summonses, [Doc. Nos. 5 and 6], and
    complaint, [Doc. No. 1], in this action, in accordance with the Federal Rules of Civil
    Procedure, Rule 4(c), as evidenced by the proofs of service on file with this Court, [Doc.
    Nos. 8 and 9].

3.  Defendants, 162 EAST BROADWAY LLC and RAISE HOSPITALITY, LLC, have
    failed to serve and file answers, or otherwise respond, to the complaint.

1

4. The applicable time limit for responding to the complaint has now expired. Under Federal Rules of Civil Procedure, Rule 12(a), Defendants, 162 EAST BROADWAY LLC and RAISE HOSPITALITY, LLC, were required to plead, or otherwise respond, to the complaint, by March 1, 2022.

5. However, in <u>Laina v. United Cerebral Palsy of N.Y. City, Inc.</u>, 2012 U.S. Dist. LEXIS 1405, this Federal District Court has ruled that when a summons and complaint are served on a corporate defendant through the Secretary of State as its agent, that defendant is entitled to three extra days to plead, or otherwise respond, to the complaint. Therefore, Defendants, 162 EAST BROADWAY LLC and RAISE HOSPITALITY, LLC, were required to plead, or otherwise respond, to the complaint, by March 4, 2022.

6. Defendants, 162 EAST BROADWAY LLC and RAISE HOSPITALITY, LLC, failed to plead, or respond, to the complaint by March 4, 2022.

7. The time for Defendants, 162 EAST BROADWAY LLC and RAISE HOSPITALITY, LLC, to plead, or respond, to the complaint, has not been extended by any stipulation of the parties, or any order of the Court.

8. Defendants, 162 EAST BROADWAY LLC and RAISE HOSPITALITY, LLC, are not infants, incompetent persons, or members of the armed forces.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 29, 2022

/s/ Adam Ford
Adam Ford (NYB #4115531)
FORD & HUFF LC
228 Park Avenue South
New York, NY 10036
*Attorney for Plaintiff*

2

Adam Ford (NYB #4115531)
FORD & HUFF LC
228 Park Avenue South
New York, NY 10036
Telephone: (212) 287-5913
Email: adam.ford@fordhufflaw.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **STEPHEN GANNON**, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| -against- | **Civil Action No.** 1:22-cv-699-LGS |
| **162 EAST BROADWAY LLC, RAISE HOSPITALITY, LLC**, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown, | **REQUEST FOR CERTIFICATES OF DEFAULT** |
| Defendants. | |

To the Clerk of the United States District Court for the Eastern District of New York:

STEPHEN GANNON ("Plaintiff"), hereby requests from the Clerk certificates of default for the following Defendants: 162 EAST BROADWAY LLC and RAISE HOSPITALITY, LLC, for failure to plead, or otherwise defend, in a timely manner, as provided by the Federal Rules of Civil Procedure, Rule 55(a).

The request is based on the attached declaration of Adam Ford, Plaintiff's counsel, which shows the following:

1. Defendants, 162 EAST BROADWAY LLC and RAISE HOSPITALITY, LLC, were

    served with the Summonses, [Doc. No. 5 and No. 6], and complaint, [Doc. No. 1],

pursuant to the Federal Rules of Civil Procedure, Rule 4(c), on February 8, 2022, as evidenced by the proofs of service on file with this Court, [Doc. No. 8 and No. 9].

2.  Defendants, 162 EAST BROADWAY LLC and RAISE HOSPITALITY, LLC, have failed to plead, or otherwise respond, to the complaint.

3.  The applicable time limit for responding to the complaint has now expired. Under Federal Rules of Civil Procedure, Rule 12(a), Defendants, 162 EAST BROADWAY LLC and RAISE HOSPITALITY, LLC, were required to plead, or otherwise respond, to the complaint, by March 1, 2022.

4.  However, in <u>Laina v. United Cerebral Palsy of N.Y. City, Inc.</u>, 2012 U.S. Dist. LEXIS 1405, this Federal District Court has ruled that when a summons and complaint are served on a corporate defendant through the Secretary of State as its agent, that defendant is entitled to three extra days to plead, or otherwise respond, to the complaint. Therefore, Defendants, 162 EAST BROADWAY LLC and RAISE HOSPITALITY, LLC, were required to plead, or otherwise respond, to the complaint, by March 4, 2022.

5.  The applicable time limit for responding has expired.

6.  Defendants, 162 EAST BROADWAY LLC and RAISE HOSPITALITY, LLC, are not infants, in the military, or incompetent persons.

Dated: March 29, 2022

/s/ Adam Ford____
Adam Ford (NYB #4115531)
FORD & HUFF LC
228 Park Avenue South
New York, NY 10036
Telephone: (212) 287-5913
Email: adam.ford@fordhufflaw.com
*Attorney for Plaintiff*

4

**UNITED STATS DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------

**STEPHEN GANNON**, individually and on behalf of
all others similarly situated,

Plaintiff(s),

-against-

**162 EAST BROADWAY LLC**, **RAISE**
**HOSPITALITY, LLC**, JOHN DOE 1-X, persons yet
unknown, Limited Liability Companies, Partnerships,
Corporations 1-X, entities yet unknown,

Defendant(s),

-----------------------------------------------------------------------

**1:22-cv-699-LGS**

**CLERK'S CERTIFICATE**
**OF DEFAULT**

I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern

District of New York, do hereby certify that this action was commenced on **January 26, 2022**

with the filing of a summons and complaint, a copy of the summons and complaint was served

on defendant(s) **162 East Broadway LLC** and **Raise Hospitality, LLC** by personally serving

**Sue Zouky, an authorized agent in the Office of the Secretary of State, of the State of New**

**York**, *and proof of service was therefore filed on* **February 22, 2022**, *Doc. #(s)* **8 and 9**. I

further certify that the docket entries indicate that the defendant(s) has not filed an answer or

otherwise moved with respect to the complaint herein. The default of the defendant(s) is/are

hereby noted.

Dated: New York, New York

March 30 , 20 22

**RUBY J. KRAJICK**
Clerk of Court

By: K mango

Deputy Clerk