**Adam D. Ford** (4115531)
Ford & Huff LC
228 Park Avenue South
New York, NY 10003
Tel: (213) 915-4291
Email: adam.ford@fordhufflaw.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN GANNON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>162 EAST BROADWAY LLC, RAISE HOSPITALITY, LLC, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown,<br><br>Defendants. | **PROPOSED**<br>**DEFAULT JUDGMENT**<br><br>CASE NO.: 1:22-CV-699 (LGS) |

On _____ the Court considered the application of STEPHEN GANNON ("Plaintiff") for entry of default judgment and permanent injunction against 162 EAST BROADWAY LLC, RAISE HOSPITALITY, LLC ("Defendants") under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

After considering the papers submitted in support of, and in opposition to, the Motion and the papers on file in this action, the Court finds as follows:

1. Defendants have failed to appear in this action by timely pleading, or responding to, or otherwise defending against, the Complaint in this action after being properly served with

that Complaint. Accordingly, the clerk certified a default against Defendants, under Rule 55(a) of the Federal Rules of Civil Procedure, on March 30, 2022.

2. Defendants are not a minor, nor an incompetent person, nor a current member of the military service.

3. Plaintiff has established that Defendants are liable to Plaintiff for attorney's fees and costs that will be established by Declaration of Attorney's Fees and Costs, including fees and costs incurred in the enforcement of this Judgment and Order.

4. Plaintiff has further established that permanent injunction must be issued for the reasons enumerated below.

    a. Defendants owns, and/or leases, and/or operates, and/or has control over, the ground floor of the Subject Facility (as defined in the Complaint [Doc. No. 7]), which six story building across Essex Street from Seward Park in the SoHo neighborhood of Manhattan. The ground floor is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7)(B) and 28 CFR §36.104 Place of public accommodation (2), New York State Human Rights Law §292(9) and New York City Human Rights Law, Admin. Code of the City of New York, §8-107(4).

    b. Defendants, at all relevant times, was an owner, and/or leased, and/or leased to, and/or managed, and/or had control over, and/or operated, and/or designed, and/or constructed, and/or built, and/or maintained, and/or altered the ground floor of the Subject Facility.

    c. The ground floor of the Subject Facility contains multiple barriers to access by individuals with disabilities in violation of the Americans with Disabilities Act,

    and they constitute discrimination under 42 U.S.C. §12182, §12183 and §12188(a), NYS Civil Rights Law §40-c and §40-d, NYS Human Rights Law §296 and New York City Human Rights Laws [Administrative Code] §8-107.

5. The specific barriers to access present at the Subject Facility are enumerated in Plaintiff's Complaint as follows:

    a. The ground floor of the Subject Location has no ramp of any kind, but rather a step up into the building, preventing the Plaintiff in his wheelchair from accessing the building.

    b. The height of the step blocking Plaintiff's wheelchair from approaching the door of the building is not uniform, running from a rise of 5 inches to 7 inches along the sloped sidewalk area in front of the Subject Location.

    c. The ground floor of the Subject Location does not comply with Section 402 and 403 of the ADAAG in that there is no accessible route.

    d. The ground floor of the Subject Location is required to have a Ramp, as defined by and compatible with Section 405 of the ADAAG.

6. These barriers to access the ground floor of the Subject Facility violate 42 U.S.C. §12183(a)(1) and 42 U.S.C. §12188(a)(2) mandates an injunction to remedy these violations. An injunction is necessary to ensure that the Subject Facility is readily accessible to the Plaintiff and other individuals with disabilities.

7. Plaintiff is an individual with a disability, who uses a wheelchair and who has suffered an injury-in-fact. He will be injured in the future, if the barriers to access the ground floor of the Subject Facility are not removed.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment be entered against Defendants as follows:

A. A permanent injunction is granted

    i.) Enjoining Defendants, their officers, management personnel, employees, agents, successors and assigns from engaging in discrimination based on disability;

    ii.) Requiring Defendants to alter the ground floor of the Subject Facility to make it readily accessible to, and usable for, individuals with disabilities, specifically:

        1. Replacing the step at the Subject Location with a ramp which complies with Section 405 of the Americans with Disability Act Accessibility Guidelines of 2010 (the "ADAAG"); and,

        2. Ensuring that the accessible route into the Subject Facility from the public sidewalk complies with Section 402 and 403 of the ADAAG.

    iii.) Compelling Defendants to make all necessary modifications to its policies, practices and procedures, so that Plaintiff would not be subject to further discrimination;

    iv.) Ordering Defendants to provide auxiliary aids and services, as well as to modify its policies, or procedures, or provide an alternative method, so that Plaintiff would be able to obtain the full and equal enjoyment of the Subject Facility owned, operated, maintained, or leased, by Defendants, in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

   v.) Ordering Defendants to make the Subject Facility readily accessible to and usable by individuals with disabilities;

B.  The Subject Facility owned, operated, leased, controlled, maintained and/or administered by Defendants violates the ADA, the New York State Civil Rights Law, the New York State Human Rights Law and the New York City Human Rights Law;

C.  Defendants will alter its facilities and amenities to make them accessible to, and usable by, individuals with disabilities to the full extent required by Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

D.  Defendants are liable to Plaintiff for compensatory damages in the amount of $1,000 under the New York State Human Rights Law and the New York City Human Rights Law;

E.  Defendants are liable to Plaintiff for punitive damages in the amount of $10,000 for its violation of the New York City Human Rights Law;

F.  Defendants are liable to Plaintiff for $500 in statutory damages for each violation and that sum is awarded to Plaintiff pursuant to the New York State Civil Rights Laws §40-c and §40-d;

G.  Jurisdiction is retained over Defendants until their unlawful practices, acts and omissions no longer exist;

H.  Plaintiff is a prevailing party in this litigation and is awarded attorney's fees and costs in an amount to be shown by Declaration of Attorney's Fees and Costs, including fees and costs incurred in the enforcement of this Judgment and Order;

I. Defendants will rectify all of the violations of the ADA, which were enumerated in the Complaint, and take the following actions:

  i.) submit to Plaintiff's counsel an architectural plan that remedies the violations, identified in the Complaint, within 60 days of the filing of the proof of service and Memorandum and Order;

  ii.) within 30 days from receipt of Defendant's plans, Plaintiff shall consent to it, or seek further relief from the Court; and

  iii.) Defendants will make any necessary alterations within 90 days of Plaintiff's consent, or subsequent Order of this Court.

IT IS SO ORDERED.

Signed: _____, 2022

Lorna G. Schofield
United States District Judge