```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/25/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

STEPHEN GANNON, individually and on behalf of all others similarly situated,

                Plaintiff,

- against -

162 EAST BROADWAY LLC, RAISE HOSPITALITY, LLC, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown.

                Defendants.
-------------------------------------------------------------X

22-CV-699 (LGS) (RWL)

**REPORT AND RECOMMENDATION TO HON. LORNA G. SCHOFIELD: <u>INQUEST AFTER DEFAULT</u>**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

    Plaintiff, who uses a wheelchair, claims that the Defendants, a landlord and tenant, have failed to remove architectural barriers to access at the restaurant Jajaja Plantas Mexicana located at 162 East Broadway, New York, New York (the "Subject Facility"), thereby discriminating against persons in wheelchairs. Plaintiff seeks damages, injunctive relief, and attorney's fees pursuant to Title III of the Americans with Disability Act ("ADA"), the New York State Civil Rights ("NYSCR") and Human Rights Laws ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). On May 13, 2022, the Honorable Lorna G. Schofield, U.S.D.J., granted a default judgment and permanent injunction against Defendants and awarded Plaintiff attorney's fees and costs. The matter has been referred to me to conduct an inquest on damages and recommend the terms of injunctive relief. For the reasons set forth below, I recommend that the Court award

1

Plaintiff compensatory damages in the amount of $1,000, statutory damages in the amount of $500, and injunctive terms as further described. The amount of attorney's fees and costs to be awarded should be determined after entry and enforcement of judgment.

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on January 26, 2022. (Dkt. 1.) Plaintiff served Defendants East Broadway LLC ("East Broadway") and Raise Hospitality, LLC ("Raise") with the summons and complaint by means of service on the Secretary of State. (Dkt. 8-9.)

None of the Defendants appeared in the action. Upon application by Plaintiff, the Clerk of Court issued certificates of default as to both named Defendants. (Dkt. 11-13.) On April 13, 2022, Plaintiff moved by order to show cause for entry of default judgment against the Defendants. (Dkt. 16-21.) Judge Schofield granted the order to show cause and set a hearing date for May 11, 2022. (Dkt. 22.) On April 18, 2022, Plaintiff served Defendants with the show cause order and related default judgment filings. (Dkt. 23.) Defendants did not appear for the show cause hearing. Accordingly, on May 13, 2022, Judge Schofield entered default judgment against the Defendants (the "Default Judgment"). (Dkt. 24.) On May 16, 2022, Judge Schofield referred the matter to me for an inquest on damages and recommendation of the terms of permanent injunctive relief. (Dkt. 25.)

On May 17, 2022, this Court issued an order and schedule for briefing with respect to the inquest. (Dkt. 26.) Pursuant to that order, Plaintiff filed Proposed Findings Of Fact And Conclusions Of Law ("FFCL") on June 13, 2022. (Dkt. 27.) Defendants did not file any response. At the Court's request, on August 24, 2022, Plaintiff filed additional letter

2

briefing concerning injunctive relief and attorney's fees. (Dkt. 32.) The Court has determined that no evidentiary hearing is necessary and that this inquest can be resolved on the submissions and prior proceedings.[1]

## THE DEFAULT JUDGMENT FINDINGS

The Default Judgment makes several findings relevant to liability and the need for injunctive relief. The Court reproduces them here verbatim:

3. Plaintiff has established that Defendants are liable to Plaintiff for attorney's fees and costs that will be established by Declaration of Attorney's Fees and Costs, including fees and costs incurred in the enforcement of this Judgment and Order.

4. Plaintiff has further established that permanent injunction must be issued for the reasons enumerated below.

    a. Defendants owns, and/or leases, and/or operates, and/or has control over, the ground floor of the Subject Facility (as defined in the Complaint [Doc. No. 7]), which six story building across Essex Street from Seward Park in the SoHo neighborhood of Manhattan. The ground floor is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7)(B) and 28 CFR § 36.104 Place of public accommodation (2), New York

---

[1] An inquest into damages may be conducted "on the papers," without an evidentiary hearing, where there is a sufficient basis on which to make a calculation. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53-54 (2d Cir. 1993); *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *Maldonado v. La Nueva Rampa, Inc.*, No. 10-CV-8195, 2012 WL 1669341, at *2 (S.D.N.Y. May 14, 2012).

       State Human Rights Law § 292(9) and New York City Human Rights Law, Admin. Code of the City of New York, § 8-107(4).

   b. Defendants, at all relevant times, was an owner, and/or leased, and/or leased to, and/or managed, and/or had control over, and/or operated, and/or designed, and/or constructed, and/or built, and/or maintained, and/or altered the ground floor of the Subject Facility.

   c. The ground floor of the Subject Facility contains multiple barriers to access by individuals with disabilities in violation of the Americans with Disabilities Act, and they constitute discrimination under 42 U.S.C. § 12182, § 12183 and § 12188(a), NYS Civil Rights Law § 40-c and § 40-d, NYS Human Rights Law § 296 and New York City Human Rights Laws [Administrative Code] § 8-107.

5. The specific barriers to access present at the Subject Facility are enumerated in Plaintiff's Complaint as follows:

   a. The ground floor of the Subject Location has no ramp of any kind, but rather a step up into the building, preventing the Plaintiff in his wheelchair from accessing the building.

   b. The height of the step blocking Plaintiff's wheelchair from approaching the door of the building is not uniform, running from a rise of 5 inches to 7 inches along the sloped sidewalk area in front of the Subject Location.

      c. The ground floor of the Subject Location does not comply with Section 402 and 403 of the ADAAG in that there is no accessible route.

      d. The ground floor of the Subject Location is required to have a Ramp, as defined by and compatible with Section 405 of the ADAAG.

6. These barriers to access the ground floor of the Subject Facility violate 42 U.S.C. § 12183(a)(1) and 42 U.S.C. § 12188(a)(2) mandates an injunction to remedy these violations. An injunction is necessary to ensure that the Subject Facility is readily accessible to the Plaintiff and other individuals with disabilities.

7. Plaintiff is an individual with a disability, who uses a wheelchair and who has suffered an injury-in-fact. He will be injured in the future, if the barriers to access the ground floor of the Subject Facility are not removed.

## LEGAL STANDARD AT INQUEST

At an inquest on damages following default judgment, all well-pled factual allegations of the complaint, except those relating to damages, are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an 'ancient common law axiom' that a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint") (quoting *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)). "A factual allegation will be deemed not well-pled

5

only in 'very narrow, exceptional circumstances.'" *Ideavillage Products Corp. v. Bling Boutique Store*, No. 16-CV-9039, 2018 WL 3559085, at *2 (S.D.N.Y. July 24, 2018) (internal quotation marks and citations omitted). That said, a court "must still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed." *Jemine v. Dennis*, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *accord Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) ("[A district court] is also required to determine whether [plaintiff's] allegations establish [defendant's] liability as a matter of law"). As recited above, Judge Schofield already has found multiple sound legal bases for Defendants' liability.

At inquest, the plaintiff also bears the burden of establishing an amount of damages with reasonable certainty. *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, No. 12-CV-1369, 2013 WL 1668206, at *6 (S.D.N.Y. April 18, 2013) (collecting cases), *R. & R. adopted*, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). In conducting the inquest, the court is charged with "'determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) (quoting *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). Further, the damages award on a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

6

**DISCUSSION**

The Court first addresses damages, followed by terms of the injunction.

**A.     Damages**

"Both the NYSHRL and the NYCHRL allow a plaintiff to recover compensatory damages." *Florez v. Mister Cangrejo NY Corp.*, No. 20-CV-4745, 2022 WL 837490, at *5 (E.D.N.Y. March 1, 2022), *R. & R. adopted*, 2022 WL 837056 (E.D.N.Y. March 21, 2022) (citing *Kreisler v. Second Avenue Diner Corp.*, No. 10-CV-7592, 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012), *aff'd*, 731 F.3d 184 (2d Cir. 2013)).

Plaintiff requests $1,000 in compensatory damages against each Defendant under both the NYSHRL and NYCHRL.  (FFCL ¶¶ 96, 104; *id.* at 20 ¶ C).)  "The New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage other than what a decent and reasonable individual would suffer when faced with such ignorant behavior." *Kreisler*, 2012 WL 3961304, at *14 (internal quotation marks omitted).  In the same vein, "The New York Court of Appeals has held that, in determining damages under the state human rights law, '[b]eyond the fact of mental anguish caused by discriminatory conduct, there must be some evidence of the magnitude of the injury, to assure that the Commissioner's damage award is neither punitive nor arbitrary.'" *Id*. (quoting *In re N.Y.C. Transit Authority v. State Division of Human Rights*, 78 NY.2d 207, 217, 573 N.Y.S.2d 49, 54 (N.Y.1991)).

"[P]laintiff has not alleged that Defendants engaged in the sort of extreme conduct – such as statements expressly indicating that plaintiff would not be served on the basis of his disability or a scenario in which the defendant refused to remove barriers from the plaintiff's home – that warrant higher compensatory damages." *Florez,* 2022 WL 837490,

7

at *5 (citing *Kreisler*, 2012 WL 3961304, at *14-15 (collecting cases)).  Nor has Plaintiff set forth facts to establish the magnitude of any injury beyond emotional anguish and distress.  (*See* FFCL ¶ 95.)  Accordingly, I recommend an award of $1,000 in compensatory damages.  *See Florez,* 2022 WL 837490, at *6 (awarding $1,000 in compensatory damages); *Ross v. Royal Pizza Café Corp.*, No. 17-CV-6294, 2018 WL 6313208, at *5 (E.D.N.Y. Aug. 1, 2018) (same), *R. & R. adopted*, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018); *Kreisler*, 2012 WL 3961304, at *15 (same).

Plaintiff is not entitled, however, to separate $1,000 awards against each Defendant; rather, Defendants should be held jointly and severally liable for a total of $1,000.  *See Grinblat v. Apna Food & Oil Corp.*, No. 19-CV-6746, 2020 WL 7481508, at *5 n.6 (E.D.N.Y. Aug. 26, 2020), *R. & R. adopted*, 2020 WL 7481327 (E.D.N.Y. Dec. 18, 2020)  (awarding $1,000 damages jointly and severally, and noting that "[i]n many similar ADA default cases where plaintiff's allegations are generic to defendants ... as landlord and tenant, Courts award damages jointly and severally against defendants"); *Kreisler*, 2012 WL 3961304, at *15-16 (awarding $1,000 damages jointly and severally against landlord and tenant co-defendants).  Nor should Plaintiff be awarded separate $1,000 awards under each of the State and City statutes.  Even though Defendants' conduct violates both statutes, Plaintiff has incurred only one set of damages.

In addition to compensatory damages, Plaintiff requests $2,500 in statutory damages under the NYSCRL § 40-d, "which 'establishes a private cause of action to recover a statutory penalty against those who' discriminate against an individual on the basis of his or her disability."  *Florez,* 2022 WL 837490, at *6 (quoting *Feacher v. Intercontinental Hotels Group*, 563 F. Supp. 2d 389, 407 (N.D.N.Y. 2008) (citing N.Y. Civ.

8

Rights Law § 40)). (FFCL ¶ 97.) Under the statute, a plaintiff may recover between $100 and $500 for each violation of the NYSCRL. N.Y. Civ. Rights Law § 40-d. As a prerequisite to recovery of statutory damages, however, a plaintiff must serve notice upon the state attorney general "[a]t or before the commencement of any action." *Id*. Plaintiff's allegations, taken as true, establish having done so. (*See* Compl. ¶ 94; FFCL ¶ 6.)

Plaintiff contends that Defendants are liable for $2,500 in statutory damages, comprised of $500 for each of five violations of the ADA Accessibility Guidelines (the "Guidelines"), 28 C.F.R. Part 36, App. A. (FFCL at 20 ¶ D.) Plaintiff has not provided any explanation of why there are five violations warranting imposition of statutory damages. The only violation identified by the Complaint is the absence of a ramp at either entrance of the Subject Facility. (Compl. ¶¶ 48-51; *see also* Default Judgment ¶ 5 (listing four barriers but all of which comprise the presence of a step and the absence of a ramp to facilitate access).) Although that violation may implicate multiple provisions of the Guidelines, it is still a single violation. *See Ross*, 2018 WL 6313208, at *3 ("The [Guidelines] require **at least one** accessible route from the street and sidewalk to the entrance of the facility) (citing Guidelines § 206.2.1, 28 C.F.R. § 36.304) (emphasis added). The Court thus recommends granting Plaintiff's request for $500 in statutory damages. *See Florez,* 2022 WL 837490 at *6 (awarding $500 statutory damages under NYSCRL § 40-d upon proof of service upon the attorney general); *Ross*, 2018 WL 6313208, at *5 (same).

In sum, Plaintiff should be awarded $1,000 in compensatory damages and $500 in statutory damages.

9

## B. Terms Of Injunction

Plaintiff requests an injunction enjoining Defendants from further discrimination and compelling them to come into compliance with the ADA, NYSCL, NYSHRL, and NYCHRL. Specific alterations sought include installation of a ramp and ensuring wheelchair accessibility from the public sidewalk. (FFCL at 18-19 (setting forth proposed terms of permanent injunction).)

Plaintiff has established, and the Default Judgment found, that there are no wheelchair-accessible entrances to Defendants' premises. Pursuant to ADA regulations, "A public accommodation is urged to take measures to comply with the barrier removal requirements of this section in accordance with the following order of priorities. ... First, a public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp, …." 28 C.F.R. § 36.304(c)(1); *see Shalto v. Bay of Bengal Kabob Corp.*, No. 12-CV-920, 2013 WL 867420, at *4 (E.D.N.Y. March 7, 2013) (acknowledging same).

Beyond remediating the specific access issue identified in the Complaint, Plaintiff's proposed injunctive terms initially included general, wide-ranging provisions. In his supplemental submission filed on August 24, 2022, Plaintiff scaled down the extent of injunctive relief requested. (Dkt. 32 at 1.) Nonetheless, the proposed provisions remain overbroad in part. Plaintiff seeks to generally enjoin Defendants, their officers, management, employees, agents, and others from "discrimination based on disability." (FFCL at18 ¶ A(i).) Similarly, Plaintiff requests requiring Defendants to modify policies, practices, and procedures "so that Plaintiff would not be subject to further discrimination."

(FFCL at 19 ¶ A(iii).)  Plaintiff's proposed terms invoke language from the ADA, which provides that injunctive relief "shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter."  42 U.S.C. § 12188(a)(2); *see also Dunbar v. Buddha Bodai Two Kosher Vegetarian Restaurant, Inc.*, 2020 WL 12863802, at \*6 (S.D.N.Y. Nov. 24, 2020) (quoting same).

The relief ordered in the injunction, however, must be more specific than simply intoning the general language of the statute.  As explained in *Dunbar*:

> A court order must be more "specific than a simple command that the defendant obey the law." *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996) (citations omitted); *see* Fed. R. Civ. P. 65(d) (providing that "[e]very order granting an injunction" must "state its terms specifically" and "describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required."). "To comply with the specificity and clarity requirements, an injunction must ... apprise those within its scope of the conduct that is being proscribed." *S.C. Johnson & Son, Inc. v. Colorox Co.*, 241 F.3d 232, 240-41 (2d Cir. 2001) (quotation marks and citation omitted). The language of Mr. Dunbar's requested injunction seeks to "enjoin[ ] Defendants from continuing their discriminatory practices" and remove the barriers to bring the facility in compliance with the ADA and ADAAG. Proposed Findings at 8; Compl. at 13. Without more, this order would simply direct Defendants to "obey the law." *See Peregrine*, 89 F.3d at 51.

2020 WL 12863802, at \*9.  The Court therefore recommends more tailored language that reflects the nature of the violation limned in the Complaint.

The typical approach to awarding injunctive relief in similar cases is to require the defendant to submit architectural plans for curing the accessibility violations and to come into compliance with the Guidelines.  *E.g.*, *Florez*, 2022 WL 837490 at \*5 ("the 'often-used

11

method in this district for awarding injunctive relief in ADA cases is to require defendants to submit a compliance plan within a prescribed period of time'") (quoting *Taylor v. 312 Grand Street LLC*, No. 15-CV-5410, 2016 WL 1122027, at *4 (E.D.N.Y. March 22, 2016) (collecting cases)); *Phillips v. Pizza*, No. 17-CV-6112, 2018 WL 2192189, at *2 (S.D.N.Y. May 14, 2018) (ordering defendants to submit to plaintiff's counsel an architectural plan that remedies the violation identified within sixty days; giving plaintiff thirty days from receipt of defendants' plans to consent or to seek further relief from the Court; and requiring defendants to make the necessary alterations within sixty days of plaintiff's consent or any ruling on plaintiffs request for further relief)  Indeed, Plaintiff requests doing so here.  (FFCL at 20 ¶ G.)

Accordingly, I recommend that the Court issue injunctive relief as follows: Defendants shall bring into compliance with the ADA the barriers to access to the Subject Facility identified by the Court in the Default Judgment ¶ 5 (the "Barriers").  To do so,

(1) Within 90 days of the filing of proof of service of the Court's order acting on this Report and Recommendation, Defendants shall submit to Plaintiff's counsel an architectural plan to rectify the Barriers and bring the Subject Facility's means of access into compliance with the ADA.  Defendants' plan shall also identify any modifications to policies, practices, or procedures necessary to achieve accessibility to the Subject Facility by wheelchair users;

(2) Within 60 days from receipt of Defendants' plan, Plaintiff shall consent to it, or seek further relief from the Court; and

(3) Within 120 days of Plaintiff's consent or subsequent order of the Court regarding Defendants' plan for remediating the Barriers, Defendants shall fully

implement the plan, including as may be modified or supplemented by the Court.

**C.     Attorney's Fees**

The Default Judgment found that Plaintiff is a prevailing party and awarded attorney's fees and costs, "including fees and costs incurred in the enforcement of this Judgment and Order." (Default Judgment at 5, ¶ H.) Accordingly, submission of a motion and support for calculation of attorney's fees and costs should be deferred until after entry and enforcement of judgment.

## CONCLUSION

For the foregoing reasons, I recommend that the Court award Plaintiff compensatory damages in the amount of $1,000, statutory damages in the amount of $500, and injunctive relief consistent with the foregoing. Plaintiff's application for attorney's fees and costs should be deferred until after entry and enforcement of judgment.

## SERVICE ON DEFAULTING DEFENDANTS

Plaintiff shall effect service of this Report and Recommendation on the Defaulting Defendants through the same means of service provided by the Court. Service shall be made no later than three business days after entry of this Report and Recommendation, and Plaintiff shall file proof of service no later than three business days after service is made.

## PROCEDURE FOR FILING OBJECTIONS AND PRESERVING RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections

to this Report and Recommendation. Such objections shall be filed with the Clerk of Court, with extra copies delivered to the Chambers of the Honorable Lorna G. Schofield, United States Courthouse, 40 Foley Square, New York, New York 10007, and to the Chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. **FAILURE TO FILE TIMELY OBJECTIONS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**

Respectfully submitted,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 25, 2022
       New York, NY

Copies transmitted this date to all counsel of record